IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LEROY MACK,

    Plaintiff,

v.

CHARLES PETTY and
KIM PETTY,

    Defendants.

CIVIL ACTION NO.
1:14-CV-01912-TWT-LTW

### FINAL ORDER AND REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on pro se Defendant Charles Petty's ("Defendant") application to file this civil action in forma pauperis, without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). Docket Entry [1]. For the reasons outlined below, this Court **GRANTS** Defendant's motion to proceed in forma pauperis. Docket Entry [1]. However, this Court nevertheless **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Rockdale County.

### MOTION TO PROCEED IN FORMA PAUPERIS

On June 20, 2014, Defendant filed an application in the Northern District of Georgia to proceed in forma pauperis without prepaying fees or costs. Docket Entry [1]. The affidavit of poverty included in Defendant's application states that he is self-employed, with an average monthly income over the last year of $8,000.00, but is

"currently falling on hard times [because he is] a real estate investor in a bad real estate market." Id. As a result, Defendant cannot yet determine what his monthly income will be going forward, but suggests it will be lower than $8,000.00. Id. No income is listed from Defendant Kim Petty. Id. The Defendant lists monthly expenses of either $7801.00 or $7901.00,[1] the majority of which is devoted to a $6,000.00 per month rent payment. Id. Defendant also lists two other assets: $1,000.00 in a bank account, and a vehicle valued at $25,000.00. Id. Defendant indicates that he has six children under the age of fourteen. Id.

Under 28 U.S.C. § 1915(a), the Court "may authorize the commencement . . . of any suit, action, or proceeding . . . without payment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." This section is intended to provide indigent litigants with meaningful access to courts. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342-43 (1948); Neitzke v. Williams, 490 U.S. 319, 324 (1988); see also Attwood v. Singletary, 105 F.3d 610, 612 (11th Cir. 1997) (Section 1915 is designed to ensure "that indigent persons will have equal access to the judicial system."). However, it "should not be a broad highway into the federal courts." Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997). The

---

[1] Defendant appears to list $6000.00 for rent, $500.00 for utilities, $500.00 for food, $200.00 for transportation, $50.00 for recreation, $50.00 for insurance, and $601.00 for motor vehicles. (Id.). This amount would sum to $7901.00; however, it is not entirely legible, and Defendant reaches a total amount of $7801.00.

AO 72A
(Rev.8/82)

statute section "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." Wells Fargo Bank v. Cyrus, No. 1:10-CV-02064, 2010 WL 3294320, at *2 (N.D. Ga. July 15, 2010) (citing Startti v. United States, 415 F.2d 1115 (5th Cir. 1969)), report and recommendation adopted, No. 1:10-CV-2064-TWT, 2010 WL 3294314 (N.D. Ga. Aug. 20, 2010).[2] While the ability to proceed without prepaying fees and costs does not require a litigant to demonstrate that he is completely destitute, "something more than mere statement and an affidavit that [he] is 'poor' should be required before a claimant is allowed to proceed in forma pauperis." Levy v. Federated Dep't Stores, 607 F. Supp. 32, 35 (S.D. Fla. 1984). The affidavit required by the statute must show an inability to prepay fees and costs without foregoing necessities. Adkins, 335 U.S. at 339; Zuan v. Dobbin, 628 F.2d 990, 992 (7th Cir. 1980). Ultimately, in making the decision, a trial court has wide discretion in determining whether to grant or deny an application to proceed in forma pauperis. Denton v. Hernandez, 504 U.S. 25, 33 (1992); Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004). "'This is especially true in civil cases for damages, wherein courts should grant the privilege sparingly.'" Martinez, 364 F.3d at 1306 (quoting Flowers v. Turbine Support Div., 507 F.2d 1242, 1244 (5th Cir. 1975)).

Though this Court is certainly reluctant to conclude that Defendant's $6,000.00 a month rent constitutes a basic necessity, "an affidavit addressing the statutory

---

[2] The Eleventh Circuit has adopted as binding all decisions of the Fifth Circuit rendered prior to the close of business on September 30, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

3

language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute.'" Martinez, 364 F.3d at 1307 (quoting Adkins, 335 U.S. at 338-40). Defendant's application to proceed in forma pauperis meets this requirement, and the Court cannot conclude that serious misrepresentations have been made. Defendant has a household of eight individuals, and all of those people depend on a single income. Docket Entry [1]. Defendant states that he cannot anticipate that he will maintain a monthly income of $8,000.00, in which case, Defendant's stated expenses will not only meet but likely exceed his income. Id. As a result, this Court finds that the requirements of 28 U.S.C. § 1915(a)(1) have been met, and **GRANTS** Defendant's motion to proceed in forma pauperis. Docket Entry [1].

## JURISDICTION

Having granted Defendant's motion to proceed in forma pauperis, the Court now turns to whether Defendant properly removed this action to the United States District Court for the Northern District of Georgia. Hernandez v. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008) (holding that the court should inquire into its subject matter jurisdiction sua sponte whenever it may be lacking).

In early June 2014, pursuant to Georgia law, Plaintiff Leroy Mack ("Plaintiff") filed a dispossessory proceeding in the Magistrate Court of Rockdale County in an attempt to evict Defendants from property located at 2213 Victor Court, Loganville, Georgia 30052. Docket Entry [1-1], pp. 8-9. Defendant now seeks to remove the action to the Northern District of Georgia. In his removal papers, Defendant appears to argue,

4

first, that this Court has jurisdiction over the matter on diversity grounds pursuant to 28 U.S.C. § 1332, and second, that federal question jurisdiction is conferred pursuant 28 U.S.C. § 1331 because Plaintiff's actions violate the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, et. seq., and Defendants' rights protected by the United States Constitution. Id., pp 1-7.

In the present case, neither diversity jurisdiction nor federal question jurisdiction provide a basis for removal. Under 28 U.S.C. §§ 1332 and 1441(b), a party removing a case to federal court based on diversity of citizenship bears the burden of establishing that the parties are diverse and the $75,000 amount in controversy threshold is met. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 618 (11th Cir. 1990). According to Defendant's Civil Cover Sheet (Docket Entry [1-2]), all parties are citizens of Georgia and are therefore not diverse; therefore, diversity jurisdiction does not exist pursuant to 28 U.S.C. § 1441(b). Moreover, Plaintiff Mack seeks a small amount of rent and costs as well as possession of the premises. (Docket Entry [1-2], p. 5). A claim seeking ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy. Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001), aff'd 35 F. App'x 858 (11th Cir. 2002). The small amount of rent and fees at

issue in this case falls well below the $75,000.00 amount in controversy requirement.

Similarly, federal question jurisdiction is not present. Contrary to Defendant's argument, neither a federal cause of action contained within a counterclaim nor a federal defense is a basis for removal jurisdiction under 28 U.S.C. § 1331. Instead:

> the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted). Potential defenses and counterclaims involving the laws or Constitution of the United States are ignored for determining removal jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 59 (2009); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

In this action, Plaintiff relied exclusively on state law when he filed a dispossessory proceeding in the Magistrate Court of Rockdale County. Docket Entry [1-1], pp. 8-9. No federal question is presented on the face of Plaintiff's filing that Defendant attached to his removal papers. There is also no evidence that warrants the application of an exception to the well-pleaded complaint rule such as the doctrine of complete preemption. Caterpillar, 482 U.S. at 393. Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia is entirely in the state court system. See O.C.G.A. § 44-7-50, et seq. For these reasons, this Court finds that federal subject matter jurisdiction does not exist.

6

## CONCLUSION

Based on the foregoing reasons, Defendant Charles Petty's motion to proceed in forma pauperis is **GRANTED**. Docket Entry [1]. However, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Rockdale County. As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**IT IS SO ORDERED AND REPORTED AND RECOMMENDED**, this __1__ day of __July__, 2014.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

7